[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an order compelling the depositions of three nonparty individuals, Timothy Ozark, Dan Zuppardo, and Harvey Kinzelberg, to be held in Connecticut. Practice Book 246 (c) permits a nonresident defendant to be compelled "[b]y notice under 244(a) to give a deposition at any place within thirty miles of the defendant's residence or within the county of his residence or at such other place as is fixed by order of the court." (Emphasis added). The term "defendant," for purposes of 246, includes officers, directors and managing agents of corporate defendants. Practice Book 246(e). Practice Book 246(d) addresses nonresidents who are not parties to the action, providing that "[a] nonparty deponent may be compelled by subpoena served within this state to give a deposition at a place within the county of his residence or within thirty miles of the nonparty deponent's residence, or if a nonresident of this state within any county in this state in which he is personally served, or at such other place as is fixed by order of the court."
The plaintiff states in the motion for order, dated June 9, 1993, that upon information and belief, Zuppardo is a managing agent for the defendant Meridian Leasing Corporation, and that Ozark and Kinzelberg are directors and/or officers of such corporation. The plaintiff maintains that since the defendant corporation has an office in Stamford, Connecticut, it would not be a hardship for the three individuals to travel to Connecticut for depositions. In response to the plaintiff's motion, the defendant CT Page 11144 submitted the affidavit of John Polster, dated June 22, 1993. Polster is the associate general counsel for the defendant corporation. The affidavit indicates that the corporation is incorporated in Illinois and has not maintained a Connecticut office since April of 1993. The affidavit states that Ozark has not been employed by the defendant corporation since July of 1992, and that his last known address is in Illinois. The affidavit also states that Zuppardo and Kinzelberg are residents of Georgia and Illinois, respectively.
In order for the court to compel these individuals to travel to Connecticut for a deposition by order of notice under 244(a), they must be treated as nonresident defendants under 246. Polster's affidavit states that Ozark is no longer employed by the defendant corporation, so that he may not be treated as a nonresident defendant. This court does not have the discretion to order Ozark, pursuant to 244(a), to travel to Connecticut for a deposition.
Kinzelberg and Zuppardo, as directors and/or officers and managing agents of the defendant corporations, may be treated as nonresident defendants under 246. This court, Berdon, J., has addressed the portion of 246(c) which allows the court to fix the deposition place of a nonresident defendant. The court noted that:
 No hard rule should be set to govern when the court should exercise it's discretion to order an out-of-state defendant to appear in Connecticut . . . The court in exercising its discretion must do so in a manner which accommodates the special circumstances of each case. Some of the factors it should consider are the financial circumstances of the parties, whether the plaintiff seeking to take the deposition of order out-of-state defendant offers to pay his or her travel and living expenses, whether the defendant was personally served in Connecticut with the writ and complaint while he or she was a resident and thereafter voluntarily moved out of Connecticut, the hardship that travel may impose on a party, the availability of counsel being able to promptly resolve disputes which require a judicial determination if the deposition is taken in the forum, the effectiveness of obtaining the discovery through other means such as written interrogatories or the taking of the defendant's deposition in Connecticut at the commencement of trial, and such other considerations.
CT Page 11145
Sansone v. Haselden, 1 Conn. L. Rptr. 520, 521 (April 18, 1990, Berdon, J.). In Sansone, the court concluded that since the nonresident defendant was served in Connecticut and voluntarily moved to Texas thereafter and the plaintiff submitted an affidavit stating that she could not afford to pay her attorney to travel to Texas, the Texas resident should travel to Connecticut, at its own expense, for a deposition.
The only reason which plaintiff advances for requiring Zuppardo and Kinzelberg to travel to Connecticut is that "[s]ince the defendant has an office located in Stamford, Connecticut it would not be unduly burdensome for said individual[s] to be produced in Connecticut for a deposition." The defendant's affidavit states that there is no office in Stamford, and even if there was, that fact alone is not a sufficient reason to compel the parties to travel to Connecticut from Georgia and Illinois for a deposition. Accordingly, the plaintiff's motion for order is denied.
DEAN, J.